Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CARLOS ALVAREZ, on behalf of himself and on behalf
of all other persons similarly situated,

                        Plaintiff,                              **COMPLAINT**

    -against-

AJJ PORTONFINO INC. d/b/a PORTO FINO
RESTAURANT, GIANNI P. VIGLIOTTI,
GIACOMO PATA and AUGUSTO PALMIERI,

                        Defendants.
-----------------------------------------------------------------------x

Plaintiff, CARLOS ALVAREZ, on behalf of himself, and on behalf of all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, alleges as follows:

## INTRODUCTION

1. The Defendants are engaged in the restaurant and catering business with a principal place of business at 395 New York Avenue, Huntington, New York.

2. Plaintiff and similarly situated employees performed non-exempt work for the Defendants, including cooking and/or preparing food, washing dishes and cleaning the restaurant.

3. Plaintiff and similarly situated employees regularly worked in excess of 40 hours in a workweek, but were not paid overtime in violation of the FLSA and New York Labor Law.

1

4. Plaintiff seeks to recover overtime wages that Defendants owe him and similarly situated current and former non-exempt employees. Plaintiffs brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

5. Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former non-exempt employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages and spread-of-hours pay under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

9. Defendants do business in the State of New York within the Eastern District of New York and maintain a place of business at 395 New York Avenue, Huntington.

## THE PARTIES

10. The Plaintiff, CARLOS ALVAREZ, is a resident of the County of Suffolk, State of New York.

11. At all times relevant to the complaint, Plaintiff, CARLOS ALVAREZ, was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

12. The Plaintiff, CARLOS ALVAREZ, was employed by the Defendants from in or about September 2014 until in or about January 2017.

13. The Plaintiff, CARLOS ALVAREZ, performed non-exempt duties for the Defendants. Plaintiff's primary job duty involved cooking and/or preparing food.

14. Upon information and belief, Defendant AJJ PORTOFINO INC., d/b/a PORTO FINO RESTAURANT ("PORTO FINO"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

15. At all times relevant, Defendant, PORTO FINO was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

16. Upon information and belief, the Defendant, GIANNI P. VIGLIOTTI, owns and/or operates PORTO FINO.

17. Upon information and belief, the Defendant, GIACOMO PATA, owns and/or operates PORTO FINO.

18. Upon information and belief, the Defendant, AUGUSTO PALMIERI, owns and/or operates PORTO FINO.

19. Upon information and belief, the Defendant, GIANNI P. VIGLIOTTI, is an officer of PORTO FINO.

20. Upon information and belief, the Defendant, GIACOMO PATA, is an officer of PORTO FINO.

21. Upon information and belief, the Defendant, AUGUSTO PALMIERI, is an officer of PORTO FINO.

22. Upon information and belief, the Defendant, GIANNI P. VIGLIOTTI, has the authority over personnel and payroll decisions of PORTO FINO.

23. Upon information and belief, the Defendant, GIACOMO PATA, has the authority over personnel and payroll decisions of PORTO FINO.

24. Upon information and belief, the Defendant, AUGUSTO PALMIERI, has the authority over personnel and payroll decisions of PORTO FINO.

25. At all times hereinafter mentioned, Defendants employed employees, including the Plaintiff herein, who regularly engaged in commerce of in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (g), (i), (j), (r) & (s).

## FACTS

26. Plaintiff, CARLOS ALVAREZ, worked more than forty hours in most workweeks in which he was employed by the Defendants.

27. For example, Plaintiff, CARLOS ALVAREZ, worked 13.10 hours on December 17, 2014, 13.15 hours on December 18, 2014, 14.47 hours on December 19, 2014, 14.21 hours on December 20, 2014 and 11.50 hours on December 21, 2014 for a total of 6.43 hours that week.

28. By way of illustration, Plaintiff, CARLOS ALVAREZ, worked 12.97 hours on January 14, 2015, 13.56 hours on January 15, 2015, 14.57 on January 16, 2015, 14.68 hours on January 17, 2015 and 11.19 hours on January 18, 2015 for a total of 66.97 hours that week.

29. For example, Plaintiff, CARLOS ALVAREZ, worked 10.02 hours on January 26, 2015, 8.93 hours on January 27, 2015, 12.65 hours on January 28, 2015, 13.62 hours on January 29, 2015, 14.85 hours on January 30, 2015, 14.86 hours on January 31, 2015 and 10.19 hours on February 1, 2015 for a total of 85.12 hours that week.

30. As further example, Plaintiff, CARLOS ALVAREZ, worked 13 hours on February 4, 2015, 13.42 hours on February 5, 2015, 15.08 hours on February 6, 2015, 14.78 hours on February 7, 2015 and 11.29 hours on February 8, 2015 for a total of 67.57 hours that week.

31. Defendants failed to compensate Plaintiff, CARLOS ALVARREZ, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate throughout the entire term of his employment with Defendants.

32. Plaintiff, CARLOS ALVAREZ, regularly worked in excess of 10 hours in a single workday.

33. Defendants failed to pay Plaintiff, CARLOS ALVAREZ, one additional hour pay at the basic minimum wage rate before allowances for each day that his spread of hours exceeded 10 hours.

34. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §137–2.3.

35. Defendants failed to furnish Plaintiff, CARLOS ALVAREZ, with a notice of his pay rate and other information required by NYLL Section 195(1).

36. Defendants paid Plaintiff at times, wholly or partially in cash, without providing an accurate statement of his wages each pay period as required by NYLL Section 195(3).

## COLLECTIVE ACTION ALLEGATIONS

37. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 each week.

38. Plaintiffs brings FLSA claims on behalf of himself and all non-exempt, hourly paid employees of Defendants who give their consent, in writing, to become plaintiffs and who worked at PORTO FINO at any time during the 3 years prior to the filing of their respective consent forms.

39. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

40. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the 3 years prior to the filing of their respective consent forms.

41. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff who have been unlawfully

deprived of overtime pay and minimum wage in violation of the FLSA will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

42. Plaintiff also brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all non-exempt, hourly paid employees who work or have worked for Defendants at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

43. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

44. The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

45. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

46. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) Whether the Defendants unlawfully failed to pay Class Members overtime compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b) Whether Defendants failed to pay Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law;

(c) Whether Defendants failed to furnish Class Members with notice and acknowledgement of their pay rate in accordance with New York Labor Law §195(1);

(d) Whether Defendants failed to furnish Class Members with an accurate statement of their wages each pay period;

(e) Whether the New York Class Representatives and Rule 23 Class are non-exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

(f) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

(g) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

(h) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

(i) Whether Defendants' general practice of failing and/or refusing to pay Class Members overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the wage and hour laws;

(j) Whether Defendants' general practice of failing and/or refusing to pay Class Members spread-of-hours pay was done willfully or with reckless disregard of the wage and hour laws; and

(k) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the Class.

47. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants in non-exempt positions and have not been paid overtime wages and spread-of-hours pay. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

48. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation and spread-of-hours pay.

49. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

51. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants employed Plaintiffs and similarly situated persons for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and similarly situated persons for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

54. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

55. Because Defendants' violations of the FLSA have been willful a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

56. Plaintiff and other similarly situated current and former employees are entitled to recover from Defendants unpaid overtime wages, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW OVERTIME

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Class Members for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of New York Labor Law.

59. By their failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

60. Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SPREAD-OF-HOURS PAY

61. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to pay Plaintiff and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

63. Defendants' failure to pay Plaintiff and Class Members an additional hour pay for each day the spread of hours exceeded ten (10) was willful within the meaning of the New York Labor Law.

64. Plaintiff and Class Members are entitled to recover from Defendants spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## WAGE THEFT PREVENTION ACT

65. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

67. Defendants are liable to Plaintiff and Class Members for damages pursuant to the Wage Theft Prevention Act.

## FIFTH CLAIM FOR RELIEF
## WAGE THEFT PREVENTION ACT

68. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff and Class Members with an accurate statement of their wages each pay period as required by Labor Law Section 195 of the Labor Law.

70. Defendants are liable to Plaintiff and Class Members for damages pursuant to the Wage Theft Prevention Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid overtime wages and spread of hours pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv) Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi) Damages for violations of New York Labor Law Section 195(1);

(vii) Damages for violations of New York Labor Law Section 195(3);

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
February 16, 2017

                            LAW OFFICE OF PETER A. ROMERO PLLC

By: *[signature]*
                            Peter A. Romero, Esq.
                            103 Cooper Street
                            Babylon, New York 11702
                            Tel. (631) 257-5588
                            promero@romerolawny.com

                            *Attorneys for Plaintiff*

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Porto Fino Restaurant, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____          02/13/2017
Carlos Alvarez                                         Date